RALPH R. RIOS, ESQ. 80585
**EL MONTE LAW GROUP**
A Professional Law Corporation
11100 Valley Blvd. Ste. 115
El Monte, CA 91731
Telephone: (626) 406-1032
Facsimile: (626) 522-8520

Attorney for Plaintiff, George Huffman

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HUFFMAN<br><br>Plaintiff<br><br>v.<br><br>COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity, and Does 1-10, inclusive,<br><br>Defendants | Case No:<br><br>COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS DEPRIVATIONS UNDER 42 U.S.C. § 1983 AND SUPPLEMENTAL STATE-LAW CLAIMS<br><br>DEMAND FOR JURY TRIAL |

### JURISDICTION AND VENUE

1. This case arises under 42 U.S.C. § 1983, eighth and Fourteenth Amendments to the United States Constitution, and various state-law governmental tort statutes. Jurisdiction in this Honorable Court is conferred by 28 U.S.C. §§ 1331 and 1343. Plaintiff's State-law claims are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391,

1

as the underlying acts, omissions, events injuries, and related facts upon which the present action are based, occurred in the County of Los Angeles, State of California.

**PARTIES**

3. Plaintiff GEORGE HUFFMAN is an adult qualified to bring suit on his own behalf.

4. Defendant COUNTY OF RIVERSIDE ("COUNTY") is a governmental entity organized and existing under the laws of the State of California. Defendant COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT ("RCSD") is a public agency subject to suit. In this case, the COUNTY and the RCSD acted through agents, employers, and servants, including their policymakers and through Defendant Sheriff CHAD BIANCO ("BIANCO"), the Sheriff of the RCSD, who is sued herein in his individual capacity only.

5. At all times, Defendants COUNTY AND RCSD, and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the RCSD, including those individuals charged with protecting the health and safety of detainees and arrestees at COUNTY detention facilities, including plaintiff GEORGE HUFFMAN, and to assume that said actions, policies, rules, regulations, practices and procedures of the RCSD and its employees and agents comply with the laws and constitution of the United States and of the State of California.

6. At all times mentioned herein and DOE Defendants 1-10, inclusive, were residents within the County of Riverside, State of California.

7. Plaintiff informed and believes, thereupon alleges, that at all times mentioned herein Defendants BIANCO, and DOES 1 through 10, inclusive, were employees, agents and/or servants of the COUNTY, acted within the course and scope of said employment, agency and/or service, and possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the COUNTY

detention facilities, including the Larry Smith Correctional Facility, and concerning the means by which the life and safety of arrestees and detainees were to be secured, what criteria were to be used for placing arrestees and detainees together in custody, what methods of placement of an arrestee or detainee in a jail cell were appropriate to safeguard the life and safety of the arrestee or detainee, the manner in which threats to the life and safety of an arrestee or detainee were to be evaluated and acted upon, what safeguards were to be in place to prevent inmates, arrestees or detainees who posed a threat to others in the facility from being permitted physical access to those others, what actions were to be taken when an arrestee detainee is attacked or injured while incarcerated within a COUNTY detention facility to insure immediate response to prevention of incidents of violence occurring within jail cells.

8. Plaintiff is ignorant of the true names and capacities Defendants sued herein as DOES 4 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed, believes, and alleges, that each of the fictitiously names defendants, is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiff will seek leave of Court to amend this complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

9. The reason why plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES, inclusive, is that same gave been unascertainable as of the date filing of this complaint, as many of these DOES may be RCSD deputies, sergeants, captains, lieutenants, commanders, deputy chiefs, and/or civilian employee agents, policy makers and representatives of defendant COUNTY and others, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

10. The individual defendants were at all times mentioned herein duly appointed,

qualified and acting officers of the RCSD, acting within the course and scope of such employment with the COUNTY and under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of California and of the County of Riverside.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Pursuant to Government Code § 910, plaintiffs presented to defendant County of Riverside appropriate claims for damages. Either the claims were denied, or more than 45 days have elapsed since the filing of the claims. This action was filed timely. **Please see Exhibit A**

## FACTS

On January 19, 2021, Plaintiff Huffman was housed at the Riverside County in the City of Banning known as Larry D. Smith Correctional Facility. Plaintiff is an AD-SEG inmate, he is in a protected class meaning that he is in protective custody where no inmate from the general population is allowed to enter. Inmates in protective custody are there for various and are strictly segregated for their own protection.

On above date, Plaintiff was sleeping in a segregated transportation cell. When without warning or advisement from the Deputies in charge of the unit; DOE DEPUTIES allowed a violent general population inmate Scott, Neitzke into the same cell as Huffman the inmate attacked the Plaintiff without out reason causing Plaintiff serious injury to his head and nose. As he was striking Plaintiff he kept saying "you like to fuck up careers" Plaintiff blacked out and did not know what occurred after the assault. Plaintiff was tazed and peppered sprayed by unknown DOE officers.

In order for the unknown violent general population inmate to enter the day room where the Plaintiff was housed and sleeping, doors have to be unlocked and opened. Deputies purposely

4

unlocked and open the to allow the known violent general population inmate to enter and assault Plaintiff for entertainment purposes of the deputies.

**A. General Allegations re Policy and Practice**

12. Defendants COUNTY and RCSD, with deliberate indifference, gross negligence, and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things:

a. Subjecting persons in their jails to violence perpetrated by other detainees, arrestees, or inmates. Specifically inmates placed and housed in the protective custody unit.

B. Selecting, retaining, and assigning deputies, civilian personnel and civilian volunteers to their jails who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional and statutory rights of detainees, arrestees, and inmates.

c. Failing to take adequate security measures to protect detainees, arrestees and inmates from unnecessary harm, including but not limited to, the following: Separation of detainees and arrestees from potentially violent or dangerous inmates; use of security cameras to monitor violence within jail cells; training deputies, civilian personnel and civilian volunteers to monitor detainees and inmates and immediately respond to acts of violence, or threats of violence; monitoring drunken detainees who are able to care for themselves; recognizing potentially volatile situations and circumstances that are likely to erupt into violence.

d. Failing to adequately discipline deputies or civilian employees involved in misconduct; and

f. Condoning and encouraging deputies and civilian employees in the belief that they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment

benefits.

14. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants COUNTY and RCSD ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs set forth in the proceeding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional statutory rights of Plaintiff.

## DAMAGES

15. As a direct and proximate result of the deliberately indifferent and wrongful conduct of defendants herein, plaintiff has suffered and continues to suffer injury, damage and loss including, but not limited to:
    (a) Severe emotional distress;
    (b) Impairment of earning capacity;
    (c) Medical Expenses, past and future;
    (d) Pain and suffering;
    (e) Brain damage; and orthopedic damages.
    (f) Loss of enjoyment of life,
resulting in Plaintiff's economic and non-economic damage in amounts to be proven at the time of trial.

16. The wrongful acts of the individually named defendants and doe defendants excluding defendants COUNTY and RCSD, were willful, oppressive, intentional, and malicious; therefore, punitive damages should be assessed against defendants in an amount deemed

sufficient to punish and deter defendants and others in similar positions of authority from engaging in similar conduct in the future.

17. Pursuant to 42 U.S.C. section 1988(b), plaintiff is entitled to recover his reasonable attorney fees incurred herein.

## FIRST CAUSE OF ACTION
## FOR MONETARY RELIEF UNDER 42 U.S.C. § 1983
## and DOES 1-10, inclusive,

18. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 above as though fully set forth herein.

19. The individual and doe defendants, while acting under color of law, deprived Plaintiff of his civil rights under the Eighth and Fourteenth Amendments to the United States Constitution when they subjected him to cruel and unusual punishment and acted with deliberate indifference and reckless disregard toward Plaintiff's right to be free from unreasonable seizures, and afforded due process of law and by, among other things, the following acts:

a. Causing Plaintiff, a protected custody inmate to remain in an area with a violent combative general population inmate when defendants knew or should have known, that an altercation had or would erupt and further violence was imminent.

b. Not observing or protecting Plaintiff, or otherwise standing by and allowing a brutal beating on Plaintiff, a protected custody inmate by a General Population inmate to continue for a long period of time, resulting in unnecessary and severe injury to Plaintiff.

19. Plaintiff is informed and believes that RCSD deputies were aware of the threat general population DOE defendant inmate represented to plaintiff based on DOE Defendant inmates combative and aggressive behavior known to RCSD personnel prior to placing DOE Defendant in the same area with Plaintiff. RCSD deputies intentionally, recklessly and with

7

deliberate indifference, failed to take any security measures to protect inmates, who present a danger to themselves and others, from violent assault and battery.

20. The above acts and omissions, while carried out under the color of law, have no justification, or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary, and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

## SECOND CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS- 42 U.S.C.§ 1983
### (Entity Liability)
**COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity**

21. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 20 above as though fully set forth herein.

22. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants' "COUNTY" and "RCSD", with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of plaintiffs, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

   a) failing to adequately train, supervise, and control custodians of jail inmates in the proper recognition of dangerous inmates and violent situations.

   b) Failing to adequately train, supervise, and instruct custodians of jail inmates in

properly monitoring, deterring, controlling, and responding to inmate altercations and violence.

c) Failing to follow established policies and procedures that enable identification and separation of extremely dangerous or violent inmates from other inmates

d) Failing to adequately train, supervise and control custodians of jail inmates in the proper response to threats of violence.

e) Failing to maintain video surveillance of inmate areas to ensure safety of inmates, especially those that present a danger to themselves or others.

f) Failing to establish policies and procedures to reduce the risk of inmate injury by providing for immediate response to inmate violence or threats of violence.

23.  As a direct and proximate result of the foregoing, plaintiff sustained injury and damages e as proved and as more specifically stated above.

### THIRD CAUSE OF ACTION
### FAILURE TO INTERVENE TO PROTECT PRISONER IN CUSTODY
### (42 U.S.C.§ 1983)
### and DOES 1-10, inclusive,)

24.  Plaintiff realleges and incorporate all of the allegations and statements set forth herein.

25.  At all times relevant here, the individual defendants and DOE Defendants 4 through 10 were present and were charged with the constitutional duties of protection of plaintiff and were charged with the duty to not knowingly, with wanton disregard, cause his life, health, and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to plaintiff that their

actions and/or omissions placed him in.

26. Each defendant had ample and reasonably sufficient time and opportunity to so intervene and prevent plaintiff's injuries and was compelled to do so as a Sheriff's deputy authorized civilian employee under the laws of the State of California and under the Constitution of the United States of America. In deliberate indifference to the life and welfare of plaintiff, each said Defendant intentionally and with deliberate indifference to the civil rights of plaintiff, refrained from intervening in the acts leading to Plaintiff's injuries.

27. As a result thereof, Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, plaintiff sustained the injuries and damages alleged herein.

28. The conduct of the individual defendants, BIANCO, DOES 1-10 was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that his conduct shocks the conscious and is fundamentally offensive to a civilized society, to justify the imposition of punitive damages on the individual Defendants.

**FOURTH CAUSE OF ACTION**

**FAILURE TO TRAIN AND SUPERVISE (42 U.S.C.§ 1983)**

**BY PLAINTIFF AGAINST DEFENDANTS' COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity**

29. Plaintiff realleges and incorporate all of the allegations and statements set forth herein.

30. At all times mentioned herein and prior thereto, defendants County,

RCSD, BLANCO and certain DOES had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate the constitutional and statutory rights of inmates, and to objectively investigate violations of said prisoners' rights, including, but not limited to, the right to be free of infliction and cruel and unusual punishment by torture and the right to be safe and protected from injury while in defendants' custody, under the Eighth and Fourteenth Amendments to the U.S. Constitution.

31. Plaintiffs are informed and believe, and thereupon allege, that prior to the incident alleged herein, defendants BIANCO and certain DOES facilitated, permitted, ratified and condoned similar acts of inmate-on-inmate assaults, and were deliberately indifferent to the health and safety of inmates in general and plaintiff in particular. Said defendants knew or should have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

32. As a result thereof, plaintiff rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, plaintiff sustained the injuries and damages alleged herein.

33. The conduct of the individual defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these Defendants in their individual capacity.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE (CAL. GOVT CODE § 815.2.6(d) BY PLAINTIFF (COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity, DEPUTY DOES 1-10, inclusive, )

34. Plaintiff realleges and incorporate all of the allegations and statements set forth herein.

35. On or about January 19, 2021, plaintiff, while in defendants' custody, was savagely attacked and beaten by another inmate, and sustained severe physical injuries.

36. RCSD deputies and/or supervisors, all individual DOE defendants herein, agents, servants and/or employees of COUNTY and within the course and scope of such agency, service and/or employment, and under color of authority, were negligent in regard to plaintiff's health, safety and welfare, and breached that duty of care.

37. RCSD had a duty to protect all inmates from any and all harm. RCDS breached this duty by unlocking three separate cell and pathway doors that RCSD knew or should have known that by unlocking said doors it would place plaintiff in jeopardy of loss of safety and life as plaintiff was in protective custody and was not to be in contact with any general population inmates. But for the acts and conduct of RCSD, Plaintiff would not have had to defend himself and place his life at risk, suffering injuries in the process.

///

## SIXTH CAUSE OF ACTION

### (Cal. Civ. Code § 52.1)

**(COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity, and DOES 1-10, inclusive,)**

38. The United States Constitution, Amendment IV, and the Cal. Const. Art. I § 13 guarantees the right of persons to be free from excessive force and free from inmate-on-inmate violence while in custody. Defendants, by engaging in the wrongful conduct alleged herein, denied this right to the plaintiff, thus giving rise to this claim for damages pursuant to Cal. Civ. Code § 52.1.

39. As a direct and proximate result of the acts of defendants, plaintiff was injured as set forth above, and is entitled to statutory damages under Cal. Civ. Code § 52, as well as compensatory and punitive damages according to proof.

40. In doing the foregoing wrongful acts, the individual and doe defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against the individual defendants (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

41. Plaintiff was forced to engage in a physical altercation with an inmate known to be a violent inmate Plaintiff was in a protective custody unit for the express purpose of protecting him from assault or attempts on his life from any

general population inmate. Plaintiff was placed in danger by deputy defendants on purpose and for the entertainment of said deputies. RCSD is in complete control of the jail facilities. This position of power allows them to handle and control all sally port doors thereby controlling the movement of inmates within the jail facility. They exerted their power by purposely unlocking several doors to allow a general population inmate to enter the protective custody area and attack plaintiff.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. General and compensatory damages in an amount according to proof;
2. Special damages in an amount according to proof;
3. Statutory damages;
4. Exemplary and punitive damages against each individual and doe defendant, not against the public entities, according to proof;
5. Costs of suit, including attorneys' fees; and,
6. Such other relief as may be warranted or as is just and proper.

DATED 11/04/2021                    El Monte Law Group
                                    Attorneys for Plaintiff

                                    By Ralph R. Rios

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action.

DATED 11/04/2021

By Ralph R. Rios